Colby *v.* Ledden.

## COLBY *v.* LEDDEN, in Error.

The cases, *Kittredge* v. *Warren,* 14 N. H. Rep. 509, and *Kittredge* v. *Emerson,* 15 N. H. Rep. 227, reaffirmed.

*Dicta* in *ex parte* City Bank of New-Orleans, 7 Law Reporter, 553 ; 3 Howard 292, denied.

IN ERROR. The original action was debt on judgment,

commenced August term, 1837, in favor of *Ledden* v. *Colby*.

October term, 1843, the original defendant pleaded in bar to the further maintenance of the action, his discharge in bankruptcy and certificate thereof. The plaintiff replied an attachment of property on the writ, before the defendant filed his petition, &c.

Demurrer and rejoinder.

The court rendered a special judgment, with execution against the property attached, and this writ of error is brought for the reversal of that judgment.

*J. H. Hobbs*, for the plaintiff in error.

*O. Hall*, for the defendant in error.

PARKER, C. J. This writ of error is probably prosecuted for the purpose of obtaining the judgment of the Supreme Court of the United States upon a question which should have been submitted to that tribunal long since. The case *Ex parte* the City Bank of New-Orleans, cited in the argument, has been under our consideration upon the present circuit, in the case *Peck* v. *Jenness in Error*, in the county of Cheshire (16 N. H. Rep. 516), and we find in it nothing to change the opinion which we have heretofore had occasion to express upon very mature deliberation. This case is not a proceeding in bankruptcy. It came before the court of common pleas, as appears by the record, long before the bankrupt act of 1841 had any existence; and the jurisdiction of that court over it existed, of course, independent of the act, which did not take it away, nor limit nor enlarge it. The jurisdiction, therefore, is not a jurisdiction "in bankruptcy," nor does the creditor "claim any debt or demand under the bankruptcy;" and the proceedings

which have been had in it were not " done under and in virtue of the bankruptcy."

If we are correct in these positions, those portions of the opinion in *Ex parte The City Bank of New-Orleans,* which might be supposed to bear upon this case, cannot govern it, but must be considered as mere *dicta* of the judge who delivered the opinion, which were not only unnecessary to a decision of the suit before the court, but did not command the assent of all the members of it.

Upon the right of the creditor to have his lien or security enforced in the state courts, we have nothing to add to the opinion already expressed in *Kittredge* v. *Warren,* 14 N. H. Rep. 509, and *Kittredge* v. *Emerson,* 15 N. H. Rep. 227.

*Judgment affirmed.*